UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL SMITH, CAROL SMITH, LLC and CAROL SMITH NEVADA, LLC<br>          Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>          Respondent. | :<br>:<br>:<br>:<br>:   MC No. 13-42 S<br>:<br>:<br>: |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

      Petitioners Carol Smith, Carol Smith, LLC and Carol Smith Nevada, LLC (collectively "Petitioners") initiated this federal proceeding by miscellaneous petition to quash a summons issued by the Internal Revenue Service ("IRS") to the Bank of Newport ("Bank"). The summons requested Petitioners' account records from the Bank in connection with a collection action against a taxpayer, with whom Petitioners initially claimed they had no relationship. However, in compliance with this Court's Order of June 4, 2013,[1] the United States supplemented the record with the sworn declaration of IRS Revenue Officer Patrick Dillon, who averred to a substantial personal and financial relationship between Petitioners and taxpayer, including that of husband and wife. Petitioners essentially admit to these relationships, though pointing out that the individual Petitioner and the taxpayer are divorced.

      This Petition has had a somewhat convoluted history, about which the curious may read in this Court's Memorandum and Order of June 4, 2013 (ECF No. 6). Those details will not be repeated here. Two facts are relevant for present purposes: (1) the summons sought Petitioners' account records at the Bank as part of a collection action against the taxpayer; and (2) the

---

[1] This Order was set out in this Court's Memorandum and Order of June 4, 2013 (ECF No. 6), which vacated a previously entered Order quashing the IRS summons based on the failure of the United States to object.

summons issued pursuant to § 7609(c)(2)(D)(i), which does not require notice of a summons in aid of collection of assessed taxes, and contained the following statement, "UNDER IRC 7609(c)(2)(D),THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIRMENTS PERTAINING TO THIRD PARTY SUMMONSES."

Now ripe for recommended disposition is the Motion of the United States to Dismiss Petition to Quash Summons. ECF No. 3. Based on the submissions of the parties, I find that the summons was directed to parties with a sufficient relationship to the taxpayer so that notice was not required. Accordingly, I recommend that the Motion be GRANTED and that the action be DISMISSED because the doctrine of sovereign immunity bars Petitioners from petitioning to quash a summons issued by the IRS in aid of a collection action.

## DISCUSSION

Plaintiff's action is barred by the doctrine of sovereign immunity. An action to quash an IRS summons is a suit against the United States. Barmes v. United States, 199 F.3d 386, 388 (7th Cir. 1999). Unless the United States consents to be sued, this Court lacks subject matter jurisdiction over claims against the federal government. See United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992); United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (internal citation omitted).

In the context of an IRS summons, waiver of sovereign immunity turns on whether Petitioners were entitled to notice when the IRS issued the summons in aid of its investigatory powers. The United States has waived sovereign immunity for persons who are statutorily

entitled to notice of the summons issued by the IRS, but not for those who are not entitled to notice of the summons. See Bank of Newport Summons v. IRS, C.A. 08-64S, 2008 WL 4376865, at *2 (D.R.I. Sept. 25, 2008); see also Barmes, 199 F.3d at 388. As a corollary, if notice is not mandated, a party cannot file a petition to quash a summons. Id.

Here, the IRS served a third-party summons on the Bank pursuant to 26 U.S.C. § 7609. Consistent with constitutional principles, § 7609 normally requires the IRS to serve anyone whose financial records are sought in a third-party summons with notice. Barmes, 199 F.3d at 388. However, § 7609(c) carves out exceptions to the notice requirement; the exception relevant here provides that the IRS need not give notice when it issues a third-party record-keeper summons "in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i); Davidson v. United States, 149 F.3d 1190, 1998 WL 339541, at *2 (10th Cir. June 9, 1998) (unpublished table decision). The elimination of the notice requirement is justified in such circumstances because notice to the taxpayer is unnecessary once the tax has been assessed, as well as to protect against fraud that might occur when the target of the summons, having a relationship to the taxpayer, tips off the scofflaw taxpayer. See Ip v. United States, 205 F.3d 1168, 1173 (9th Cir. 2000).

Many courts have struggled with the correct interpretation of 26 U.S.C. § 7609(c)(2)(D)(i), focusing in particular on whether the notice exemption is appropriate in the absence of some relationship between the taxpayer who is the subject of the collection action and the individual or entity who is the target of the summons. For example, the Ninth Circuit's thoughtful decision in Ip expressed discomfort with an interpretation that permits the IRS to access financial information from individuals or entities with no relationship to the taxpayer

without notice simply because the totally-unrelated taxpayer is the subject of an assessment or judgment. 205 F.3d at 1173-74. While other courts have declined to embrace Ip, on close review almost all involve factual circumstances where the summons sought records of the husband or wife of, or some other person or entity related to, the assessed taxpayer. See, e.g., Barmes, 199 F.3d at 389-90 (no notice to wife of taxpayer and her business); Davidson, 149 F.3d 1190, at *2 (no notice to wife of taxpayer). While some of these cases articulate reliance on the literal interpretation of the statute, permitting no notice without regard to the relationship, virtually all of these courts approve the use of the no-notice exception only after reciting that there has been a showing by the IRS of a relationship between the target of the summons and the taxpayer. See, e.g., Health Plus Chiropractic, Inc. v. United States, No. 6:11-cv-560-Orl-31DAB, 2011 WL 1791289, at *4 (M.D. Fla. Apr. 18, 2011) (where undisputed facts establish taxpayer is employed by, and his spouse is sole shareholder of, entity from which records sought, no notice required); Armijo v. United States, No. 09-81588-MC, 2010 WL 2342444, at *4 (S.D. Fla. May 3, 2010) (taxpayer is employed by bank account owner who also paid her home mortgage payments; no notice approved); Sanders v. United States, No. MC 09-0125-PHX-JAT, 2010 WL 1640982, at *2 (D. Ariz. Apr. 22, 2010) (where assessed taxpayer has legally cognizable interest in the records summonsed from Wells Fargo, no notice approved); Grant v. IRS, Civil Action No. 06-CV-402-JMH, 2007 WL 2174731, at *3 (E.D. Ky. July 27, 2007) (where taxpayer has a recognizable legal interest in the records subpoenaed, notice to the record owner not required); Ginsburg v. United States, No. 3:02CV176 (WWE), 2002 WL 31367262, at *2 & n.1 (D. Conn. Sept. 25, 2002) (facts establish that summons issued for financial records of wife of taxpayer; no notice needed).

With its Supplemental Memorandum, the United States has established, and Petitioners do not materially dispute, that this summons was issued to an individual and entities with a substantial relationship to the taxpayer, who is the target of the collection action in aid of which the summons issued.  Therefore, whether this Court were to adopt the Ninth Circuit's interpretation in Ip or to employ the interpretative analysis of the other cases referenced above, the result is the same: this summons was properly issued without notice to Petitioners pursuant to § 7609(c)(2)(D)(i).  Since Petitioners were not entitled to notice of this summons issued in aid of a collection action, the doctrine of sovereign immunity applies and the Petition must be dismissed.  See 26 U.S.C. § 7609(c)(2)(D)(i); Barmes v. United States, 199 F.3d 386, 388 (7th Cir. 1999).

## CONCLUSION

For the foregoing reasons, the Court find that the summons was directed to parties with a sufficient relationship to the taxpayer so that notice was not required and recommends that the Motion of the United States to Dismiss Petition to Quash Summons (ECF No. 3) be GRANTED and that this action be DISMISSED.

Any objection to this Court's Report and Recommendation to dismiss the miscellaneous petition based on sovereign immunity must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service.  See Fed. R. Civ. P. 72(b)(2); DRI LF Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

Case 1:13-mc-00042-S-PAS   Document 9   Filed 06/24/13   Page 6 of 6 PageID #: 107

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 24, 2013